IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES L. CHAMBERS, Jr., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-6976 (JBS/JS) |
| WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION a/k/a FREDDIE MAC; REED SMITH, LLP; and FLEMING L. WARE, | **OPINION** |
| Defendants. | |

APPEARANCES:
Mr. James L. Chambers, Jr.
262 Leffler Circle
Florence, NJ 08518
    Plaintiff, pro se

Laura Kateri Conroy, Esq.
Reed Smith LLP
Princeton Forrestal Village
136 Main Street
Suite 250
Princeton, NJ 08540
    Attorney for Defendants Wells Fargo Bank, N.A., Federal
    Home Mortgage Corporation, Reed Smith LLP, and Fleming L.
    Ware, Esq.


**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

In this case, Plaintiff James L. Chambers, Jr. seeks to

enforce rescission of his home mortgage pursuant to the Truth in

Lending Act. Plaintiff contends that Wells Fargo Bank violated

certain notice provisions of TILA during the execution of a modification to his mortgage and that neither Wells Fargo nor the Federal Home Loan Mortgage Corporation have acknowledged his lawful notice of rescission of the loan. Plaintiff seeks to enforce return of the loan note marked cancelled, the original mortgage, and all money he has paid, and record satisfaction of his mortgage.

This case comes before the Court on Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim [Docket Item 8] and Plaintiff's motion to strike Defendants' motion to dismiss. [Docket Items 9 & 10.] Defendants principally argue that Plaintiff's claims are barred by a foreclosure action brought by Wells Fargo in the Superior Court of New Jersey, in which the state court found that Plaintiff had defaulted on his mortgage and that Wells Fargo had standing to foreclose on the property. Defendants also argue that Plaintiff has failed to state a claim because TILA does not permit rescission of purchase money mortgages and the attorney defendants are immune from liability. For the following reasons, the Court will grant Defendants' motion and dismiss the Complaint with prejudice.[1]

---

[1] A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."

## II.   BACKGROUND[2]

Plaintiff James L. Chambers, Jr., and his wife applied for and were granted a mortgage loan from Wells Fargo Bank, N.A. ("Wells Fargo") to purchase residential property at 262 Leffler Circle, Florence, New Jersey on November 6, 2007. (Complaint ¶¶ IV-1, 8; Conroy Certification [Docket Item 8-4] Ex. A.) Plaintiff's loan was evidenced by an Initial Interest Note ("Note") for $417,000 and secured by a mortgage on the property to Wells Fargo, both dated November 12, 2007 (collectively, the "Loan Documents"). (Compl. Ex. A & B; Cert. Ex. B & C.) The mortgage documents specifically identify that "THIS IS A PURCHASE MONEY MORTGAGE." (Cert. Ex. C at 3.)

Plaintiff modified his mortgage with Wells Fargo twice: first, on August 10, 2010 by means of a Loan Modification

---

United States ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). In this case, because the Plaintiff's complaint is legally insufficient, and not merely factually insufficient, any amendment would be futile.

[2] The Court accepts as true for the purposes of the instant motions the following facts as alleged in the Complaint. [Docket Item 1.] The Court also considers the documents attached to Plaintiff's Complaint and the exhibits attached to the Certification of Laura K. Conroy, Esq. in Support of Defendants' Motion to Dismiss [Docket Item 8-4] because these documents are all either "integral to or explicitly relied upon in the complaint" or matters of public record. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may consider these documents on a motion to dismiss without converting the motion to one for summary judgment. Schmidt, 770 F.3d at 249.

Agreement (Cert. Ex. D), and second, on January 28, 2014, with a Home Affordable Modification Agreement ("HAMA") in the amount of $548,200.59. (Compl. ¶¶ IV-1, 8; Cert. Ex. E.) The HAMA was recorded on April 9, 2014 by the Burlington County Clerk. (Cert. Ex. E.) The HAMA purports to "amend and supplement" the original November 2007 mortgage. (Id. at 2.) It increased the principal balance due on the mortgage in exchange for a lower interest rate and lower monthly loan payments. (Id. at 3-4.) In the HAMA, Plaintiff agreed that "I will be in default if I do not comply with the terms of the Loan Documents, as modified by this agreement" (id. at 4.) and that "all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents." (Id. at 5.) Wells Fargo allegedly failed to provide Plaintiff with copies of the disclosures, notices, and loan documents required by the Truth in Lending Act ("TILA") at the time the HAMA was executed. (Compl. ¶¶ IV-3-6.)

Plaintiff sent a Notice of Rescission by certified mail to Wells Fargo and the Federal Home Loan Mortgage Corporation ("Freddie Mac") on January 23, 2015 purporting to cancel "the loan transaction, which we entered into with WELLS FARGO BANK, N.A. on January 28, 2014" pursuant to TILA and Regulation Z, 12

4

C.F.R. § 226.23. (Compl. ¶¶ IV- 9, 12; Compl. Ex. D & E.) Wells Fargo and Freddie Mac received this notice on January 26, 2015 (Compl. Ex. E) but neither "contest[ed] the rescission by filing, as required within 20 days of receipt of the notice, judicially new [sic] lawsuit challenging the content of the Notice of Rescission." (Compl. ¶ IV-10.) Plaintiff avers that this effected his rescission of the mortgage and "the Mortgage is now extinguished and any rights under the Mortgage have terminated." (Compl. ¶¶ IV-11, 14.)

Wells Fargo filed a foreclosure action against Plaintiff and his wife in the Superior Court of New Jersey, Burlington County on August 7, 2014 after they defaulted on their loan beginning with the monthly payment due on February 1, 2014. (Cert. Ex. F ¶ 1-k.) Plaintiff filed an answer and asserted 12 affirmative defenses, denying that Wells Fargo "is lawful [sic] holder of the original note," that the mortgage was a purchase money mortgage, and that the loan was in default. (Cert. Ex. G at 2-5.) Plaintiff also argued that the Superior Court lacked subject matter jurisdiction over the foreclosure case. (Id. at 5-9.) Plaintiff simultaneously filed a counterclaim against Wells Fargo for "conversion and other causes." (Id. at 11.) Wells Fargo's motion for summary judgment was granted by the Superior Court on May 29, 2015. (Cert. Ex. H.) The state court found that Wells Fargo had established a prima facie case for

foreclosure and specifically rejected Plaintiff's argument that
he and his wife were "entitled to rescind their 2007 purchase
money mortgage because Wells Fargo violated the Truth in Lending
Act ("TILA")" and Regulation Z because of Plaintiff's misreading
of Jesinowski v. Countrywide Home Loans, Inc., -- U.S. --, 135
S. Ct. 790 (2015). (Id. at 5-6.) The foreclosure action was
subsequently transferred to the Office of Foreclosure of the
Superior Court in Trenton to proceed as an uncontested
foreclosure. (Id.)

Plaintiff then filed this action against Wells Fargo,
Freddie Mac, Reed Smith LLP, and Fleming L. Ware, Esq. on
September 21, 2015 asserting claims under 15 U.S.C. §§ 1611 and
1635 ("TILA"), 12 C.F.R. § 226.23 ("Regulation Z"), and 12
C.F.R. § 1026.23. [Docket Item 1.] Defendants filed the instant
motion to dismiss after receiving an extension of time from the
Clerk of Court to answer, move, or otherwise respond to the
Complaint. [Docket Items 7 & 8.] Plaintiff opposed Defendants'
motion and moved to strike the motion to dismiss. [Docket Item
9.] The Court will decide these motions without holding oral
argument pursuant to Fed. R. Civ. P. 78.

## III. STANDARD OF REVIEW

### 1. Rule 12(b)(1)

As courts of limited jurisdiction, the federal courts may
only exercise jurisdiction over cases which the Constitution and

Congress expressly grant them power.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 418 (3d Cir. 2010). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the court lacks subject matter jurisdiction to hear a claim. <u>In re Schering Plough Corp. Intron/Temodar Consumer Class Action</u>, 678 F.3d 235, 243 (3d Cir. 2012). When a defendant files a motion under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction for the sake of remaining in federal court. <u>Gould Elec., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).

Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). <u>Gould</u>, 220 F.3d at 178; <u>see also</u> <u>A.D. v. Haddon Heights Bd. of Educ.</u>, 90 F. Supp. 3d 326, 334 (D.N.J. 2015) (stating same).  In considering a factual attack, as here, the Court need not cabin its inquiry to allegations in the complaint.  Rather, the Court may "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." <u>Gotha v. U.S.</u>, 115 F.3d 176, 179 (3d Cir. 1997); <u>see also</u> <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891–92 (3d Cir. 1977).

**2. Rule 12(b)(6)**

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

8

## IV.   DISCUSSION

### 1. Lack of Subject Matter Jurisdiction

Defendants first argue that this Court lacks subject matter jurisdiction because Plaintiff's claims are barred by Wells Fargo's state foreclosure action.[3] According to Defendants, all of Plaintiff's claims were already adjudicated by, or should have been brought before, the Superior Court of New Jersey, and Plaintiff cannot get a second bite at the apple in a collateral action in the federal courts. Plaintiff contends that defense counsel "espouses total misrepresentations regarding Plaintiff's claims in state court regarding Plaintiff's claims of rescission being adjudicated by the state court through Plaintiff's counterclaims." (Pl. Opp. at 20.) But the public documents provided by Defendants in Ms. Conroy's certification suggest otherwise: Plaintiff has already presented his claims that Wells Fargo violated TILA and Regulation Z when executing the HAMA, that Wells Fargo had no standing to foreclose on his home, and that he has rescinded his mortgage under TILA.

Defendants contend that this action is barred, inter alia, by the doctrines of <u>Younger</u> and <u>Colorado River</u> abstention, New

---

[3] Despite Plaintiff's contention, subject matter jurisdiction is not a matter "outside the four corners of the Complaint," and consideration of Defendants' arguments that the Complaint is barred by the state foreclosure action will not transform this motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P.

Jersey's entire controversy doctrine, and res judicata. The record before the Court is unclear as to whether the state foreclosure action is ongoing or finished, but the Court presumes that it is still ongoing because no final judgment of foreclosure has been provided.[4]

In general, "federal courts are obligated to decide cases within the scope of federal jurisdiction." Sprint Communications, Inc. v. Jacobs, -- U.S. --, 134 S. Ct. 584, 588 (2013). However, "in certain circumstances . . . the prospect of undue interference with state proceedings counsels against federal relief." Id. To prevent such interference, various judge-made doctrines of abstention have developed, whereby the federal courts decline to exercise jurisdiction otherwise granted them by the Constitution or federal statute.

The Younger abstention doctrine requires federal courts to refrain from interfering with certain types of pending state proceedings. Younger v. Harris, 401 U.S. 37 (1971); Gonzalez v. Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 180 (3d Cir.

---

[4] Accordingly, neither res judicata nor collateral estoppel can preclude Plaintiff's claims in this action as both require final judgments in an earlier lawsuit. Similarly, New Jersey's entire controversy doctrine, codified at N.J. Ct. R. 4:30A and 4:64-5, is inapplicable: "the Entire Controversy Doctrine does not preclude the initiation of a second litigation before the first action has been concluded." Rycoline Products Inc. v. C & W Unlimited, 109 F.3d 883, 889 (3d Cir. 1997). Nor, as Plaintiff points out, is this case barred by the Rooker-Feldman doctrine, which bars federal court review of final state court judgments.

2014). Recently, the Supreme Court clarified in Sprint that Younger applies "only in three 'exceptional' classes of cases: (1) state criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Gonzalez, 755 F.3d at 180 (discussing Sprint, 134 S. Ct. 584 (2013)). Since Sprint, courts in this District have declined to apply the Younger doctrine in the context of ongoing state foreclosure proceedings. See Gorodeski v. U.S. Bank Nat. Ass'n, Case No. 15-2271, 2016 WL 111422, at *3 (D.N.J. Jan. 11, 2016); Sheldrick v. Wells Fargo Bank, NA, Case No. 15-5332, 2015 WL 5098180, at *2 (D.N.J. Aug. 31, 2015); Hernandez v. Federal Nat. Mortg. Ass'n, Case No. 14-7950, 2014 WL 3386126, at *2 (D.N.J. May 26, 2015); Carrier v. Bank of Am. NA, Case No. 12-104, 2014 WL 356219 (D.N.J. Jan. 31, 2014), aff'd sub nom. Carrier v. Bank of Am. NO, 592 Fed. App'x 135 (3d Cir. 2015). The Court will follow these precedents and decline to apply Younger abstention in this matter.[5]

---

[5] Defendants cite exclusively to pre-Sprint cases in support of their Younger abstention arguments. While Courts in this District had previously abstained where there were ongoing state foreclosure proceedings, see, e.g., Downey v. Perrault, Case No. 08-1018, 2009 WL 3030051, at *1 (D.N.J. Sept. 15, 2009) (discussing Gray v. Pagano, 287 Fed. Appx. 115 (3d Cir. 2008) and El Ali v. Litton Loan Serv'g, 217 Fed. Appx. 115 (3d Cir. 2007)); Patetta v. Wells Fargo Bank, NA, Case No. 09-2848, 2010 WL 1931256, at *9 (D.N.J. May 13, 2010), the Court finds that

However, the Court finds that abstention under the Colorado River doctrine is appropriate in this situation. In that case, the Supreme Court found that abstention might be warranted in some "extraordinary" circumstances where there are parallel state and federal proceedings, under principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

Two proceedings are considered parallel when they "involve the same parties and substantially identical claims, raising nearly identical allegations and issues" Yang v. Tsui, 416 F.3d 199, 204 n. 5 (3d Cir. 2005) (internal citations omitted). Here, Plaintiff's claims against Wells Fargo are nearly identical to those raised as counterclaims and affirmative defenses to the state foreclosure action. In both cases, Plaintiff makes the same allegations against Wells Fargo: that the bank violated certain disclosure provisions of TILA and Regulation Z during the execution of the HAMA, that the bank does not have standing to foreclose on the mortgage, and that Wells Fargo cannot foreclose on the property secured by that mortgage because Plaintiff was entitled to, and lawfully did, rescind the loan

---

Sprint changes the analysis significantly such that these cases are no longer persuasive.

under TILA. (<u>See</u> Cert. Ex. G, H.)[6] Moreover, Plaintiff essentially concedes that these two cases are identical, and therefore parallel, when he argues that "[t]here is nothing barring the litigation of **this** suit in *multiple proceedings spread across the two court systems*." (Pl. Br. at 27 (emphasis in original.))

Once a federal court determines that two proceedings are parallel, Third Circuit has instructs the court to consider the following pertinent factors, drawn from the <u>Colorado River</u> case: "(1) in an in rem case, which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." <u>Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.</u>, 571 F.3d 299, 308 (3d Cir. 2009). Of primary importance to this case are the third and fourth factors. Avoiding piecemeal litigation of the validity and enforceability of Plaintiff's mortgage is of the utmost importance here: this Court and the state foreclosure

---

[6] Plaintiff draws a distinction between his defense in the state foreclosure action that Wells Fargo could not foreclose on his home because he has rescinded his mortgage and his claim in the instant case to "enforce" that rescission; the Court finds this to be a distinction without a difference.

action might otherwise come to inconsistent results and leave the parties unable to vindicate their rights with respect to the property in Florence, New Jersey.[7] Moreover, the state foreclosure action has progressed much further than this federal suit; not only was it the first filed by over a year, but the Superior Court has had the benefit of considering a full summary judgment record before this case was even initiated. Crucially, there is no indication in either the briefing or the documentary record that the New Jersey state courts are an inadequate forum in which to litigate the validity and enforceability of Plaintiff's mortgage and rescission; indeed, such issues and claims are routinely addressed in the New Jersey Superior Court.

Abstention is especially appropriate where Plaintiff Chambers brings personal claims against opposing counsel Reed Smith and Ms. Ware for counsel's statements and submissions in

---

[7] Although it is not directly applicable here, New Jersey's entire controversy doctrine as it applies specifically to foreclosure actions is instructive: all "germane" claims, N.J. Ct. R. 4:64-5, "arising out of the mortgage transaction which is the subject of the foreclosure action" must be raised in a foreclosure action or they are forever barred. In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008). This rule of procedure evidences New Jersey's strong policy in favor of adjudicating all claims arising from the same mortgage transaction in a single case. Plaintiff has not, and cannot, show that his claims arising under TILA and Regulation Z could not have been brought in the state court, such that two separate actions might be necessary to vindicate his rights; indeed, Mr. Chambers has done so and the Superior Court considered and rejected these same arguments about Wells Fargo's purported violations of TILA and the validity of his rescission on summary judgment.

the ongoing Superior Court litigation. To ask this federal court to sit in judgment over statements made by counsel in an ongoing state court litigation would be particularly untenable as a matter of comity and avoidance of federal entanglement into ongoing filings in a state court forum that is perfectly well empowered to address any misconduct by its litigants.

Plaintiff, in opposition, notes correctly that his case does not fall into any of the three _other_ abstention doctrines discussed by the Supreme Court in _Colorado River_: where a case presents a federal constitutional issue which might be mooted by a state court's determination of a question of state law; where "there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar;" and where federal jurisdiction has been invoked to enjoin ongoing state criminal proceedings. 424 U.S. 800, 814-17. Plaintiff concludes from this that abstention would be inappropriate here. But Plaintiff failed to address the rest of that case, which explicitly expands the judge-made doctrine of abstention beyond those three initial categories grounded in considerations of state-federal comity or on avoidance of constitutional decisions to account for "exceptional circumstances" with parallel cases, as discussed above. See _id._ at Section III-C. Because the state foreclosure action is ongoing, because Plaintiff has raised

15

nearly identical claims in both cases, because the Superior Court has addressed these claims on the merits, and because inconsistent relief in these parallel cases could leave the parties unable to vindicate their rights, the Court will decline to exercise jurisdiction over Plaintiff's claims against Wells Fargo.

Technically, this abstention motion does not fit within the ambit of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The Court has subject matter jurisdiction to adjudicate the TILA claims under 28 U.S.C. § 1331, as they are claims arising under a federal statute. Given the existence of subject matter jurisdiction, the Rule 12(b)(1) motion has been addressed as a motion to abstain from exercise of such jurisdiction under the <u>Colorado River</u> doctrine, which is granted.

**2. Failure to State a Claim**

In the alternative, Defendants seek to dismiss the Complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim because Plaintiff's claims are time-barred, because purchase-money mortgages cannot be rescinded in the manner Plaintiff claims, and because the attorney defendants Reed Smith LLP ("Reed Smith") and Fleming L. Ware, Esq. are protected by the litigation privilege. For the following reasons, the Court agrees and will grant Defendants' motion.

16

### A. TILA and Rescission claims

The following discussion will assume for the sake of argument that this Court should not abstain under <u>Colorado River</u> or any other abstention doctrine, and it proceeds to consider the merits of Defendants' Rule 12(b)(6) motion. Even assuming the truth of Plaintiff's allegations -- that Wells Fargo did not provide Plaintiff with copies of certain notices and disclosures when the HAMA was executed -- Plaintiff has not stated a claim that he has lawfully rescinded the mortgage under TILA and Regulation Z.[8] For the following reasons, the Court will dismiss these claims as legally deficient.

### i. Statute of Limitations

First, Defendants argue that Plaintiff's claims for violations of TILA are time-barred under the statute's one-year limitations period.[9] 15 U.S.C. § 1640(e) generally provides that any action for a violation under TILA may be brought in any United States district court "within one year from the date of

---

[8] The Court need not accept as true those allegations in the Complaint which constitute legal conclusions, rather than factual allegations. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). For example, the Court will consider as true the fact that Plaintiff mailed a notice to Wells Fargo and Freddie Mac that he was rescinding the mortgage, but the Court need not accept Plaintiff's legal conclusion that such rescission was lawful and operative under TILA and Regulation Z.

[9] A statute of limitations defense may be raised by motion under Rule 12(b)(6) if the limitations bar is apparent on the face of the complaint. <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014).

the occurrence of the violation." As the Court understands Plaintiff's Complaint, he alleges that Wells Fargo violated TILA when it failed to provide the required notices and disclosures upon the execution of the HAMA, on January 28, 2014; any lawsuit to vindicate those rights must have been brought within one year, or no later than January 28, 2015. Plaintiff filed the instant suit on September 28, 2015, 8 months out of time.[10] To the extent that Plaintiff seeks to remedy this violation in the present case, he cannot do so.

If, instead, the violation of TILA of which Plaintiff complains is rather the fact that neither Wells Fargo nor Freddie Mac acknowledged rescission of his mortgage, allegedly effective as of January 23, 2015, then the one-year limitations period for this violation expired on January 23, 2016, rendering those claims in his September 2015 Complaint timely.[11]

Similarly, Plaintiff's claims against Reed Smith and Ms. Ware are not time-barred. Counts III and IV of the Complaint

---

[10] In so noting, the Court expresses no opinion as to whether Wells Fargo was required under TILA to provide those notices and disclosures in the HAMA transaction as it was a modification to an existing mortgage, not itself a new mortgage.

[11] Additionally, TILA provides that a consumer has up to three years, rather than three business days, to rescind a transaction when a lender fails to satisfy the statute's disclosure requirements. 15 U.S.C. § 1635(f). Assuming the truth of Plaintiff's allegations, he could rescind a January 2014 transaction in January 2015 if Wells Fargo failed to make any required disclosures at the time of the transaction.

assert claims for violation of 15 U.S.C. § 1611, which provides for criminal liability against anyone who "willfully and knowingly gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions" of TILA. 15 U.S.C. § 1611(1). Plaintiff contends that the law firm and individual attorney violated this provision when they, on behalf of Wells Faro, sent a letter to Plaintiff on March 23, 2015 (Compl. Ex. F) representing that his rescission under TILA was ineffective, when they filed a motion for summary judgment in the state foreclosure action on "and proceeded on the motion with full knowledge that they could not file such motion as rescission was effected on January 23, 2015," and every time they continue to submit "filings in the state court misleading the court as to the status of the mortgage." (Compl. ¶ IV-59 and 61; see also ¶¶ 69 and 71.) These actions, as they all occurred allegedly in the spring of 2015, are timely presented in the September 2015 Complaint. However, for the reasons that follow below, Plaintiff's claims regarding rescission and attorney conduct are legally deficient and will be dismissed.

### ii. Rescission of purchase-money mortgages

Next, Defendants argue that the Complaint must be dismissed because Plaintiff has not stated a claim to enforce rescission of his mortgage under TILA and Regulation Z. According to

19

Defendants, purchase money mortgages -- which this loan is -- are exempted from TILA's right of rescission codified at 15 U.S.C. § 1635 and 12 C.F.R. §§ 226.23 and 1026.23. In opposition, Plaintiff takes the position that he has rescinded the "new mortgage dated January 28, 2014," not the purchase-money mortgage of November 12, 2007, and as such TILA and Regulation Z permit rescission of this transaction.

When a loan made in a consumer credit transaction is secured by the borrower's "principal dwelling place," the borrower may rescind the loan agreement under certain circumstances. 15 U.S.C. § 1635(a). However, the statute creates exemptions for certain types of transactions which cannot be rescinded, including "a residential mortgage transaction." 15 U.S.C. § 1635(e)(1).[12] In the context of TILA, a "residential mortgage transaction" means "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). Courts in this Circuit apply this TILA exception to forbid rescission of "loans made for the

_____

[12] See also 12 C.F.R. § 226.23(f)(1) ("Exempt transactions. The right to rescind does not apply to the following: (1) a residential mortgage transaction."); 12 C.F.R. § 1026.23(f)(1) (same).

20

purchase of residences." Gray v. Wells Fargo Home Mortg., Case No. 11-2945, Case No. 11-2945 (D.N.J. Jan. 24, 2012) (collecting cases).

Defendants take the position that Plaintiff's notice of rescission falls into this exemption because it seeks to rescind the mortgage used to purchase Plaintiff's residential property in Florence, New Jersey, and the Court agrees. Plaintiff's notice purported to rescind "the loan transaction, which we entered into with WELLS FARGO BANK, N.A. on January 8, 2014." (Compl. Ex. D.) This transaction (the HAMA), was not a new mortgage advancing Plaintiff a new line of credit, as Plaintiff contends; it was merely a modification to the interest rate and monthly payments due on the original 2007 loan and mortgage, which was indisputably used to purchase the home in Florence at which Plaintiff resides. (See Cert. Ex. E.) By its own terms, the HAMA is plainly part of a purchase money mortgage and therefore excluded from TILA's right of rescission. The holding of Jesinoski v. Countrywide Home Loans, Inc., -- U.S. --, 135 S. Ct. 790 (2015), on which Plaintiff relies, is inapplicable to his case: while the Supreme Court recognized that rescission under TILA becomes effective upon the mailing of notice from a borrower to the lender, and does not require immediate tender from the borrower of the proceeds of the loan as common law

rescission does,[13] the Court's holding in that case is limited to rescission under TILA. Plaintiff sought to rescind a transaction which falls into one of the statute's exceptions, and therefore he cannot rely on the case. Accordingly, Plaintiff's claims under TILA fail because the transaction at issue does not fall within the scope of the statute and its accompanying regulations. Plaintiff has not stated a claim to enforce rescission of his mortgage, and the Court will grant Defendants' motion to dismiss those claims in the Complaint.

### B. Allegations against Reed Smith and Fleming Ware

Finally, Defendants argue that Plaintiff's claims for violations of 15 U.S.C. § 1611 by the attorney defendants, Reed Smith and Ms. Ware, are barred by the litigation privilege. Section 1611 provides for criminal liability against anyone who

---

[13] Defendants' argument that rescission under TILA requires a borrower to return the loan proceeds in order to become operative is contradicted by the Supreme Court's holding in Jesinoski. 135 S. Ct. at 793. ("The clear import of § 1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. To the extent § 1635(b) alters the traditional practice for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice.") TILA and Regulation Z require that the parties to a rescinded security transaction return the money or property exchanged eventually, but allow a borrower to retain possession until his creditor acts first. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). The statute, regulations, and Jesinoski make clear that the security interest becomes void when the borrower notifies his creditor of the exercise of his right to rescind. 15 U.S.C. §1635(b); 12 C.F.R. §§ 226.23(a)(2) and (d)(1).

"willfully and knowingly gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of" TILA. 15 U.S.C. § 1611(1). Plaintiff contends that the law firm and individual attorney violated this provision when they, on behalf of Wells Faro, sent a letter to Plaintiff on March 23, 2015 (Compl. Ex. F) representing that his rescission under TILA was ineffective, when they filed a motion for summary judgment in the state foreclosure action on "and proceeded on the motion with full knowledge that they could not file such motion as rescission was effected on January 23, 2015," and every time they continue to submit "filings in the state court misleading the court as to the status of the mortgage." (Compl. ¶ IV-59 and 61; see also ¶¶ 69 and 71.)

New Jersey's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or by other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 661 A.2d 284, 289 (N.J. 1995). Where the litigation privilege applies, the defendant is immune for liability for her conduct. Id. at 287. The three violations by Reed Smith and Ms. Ware identified by Plaintiff in the Complaint all fall within the privilege's ambit, and Plaintiff cannot sustain an action on these counts.

23

First, the March 2015 letter and motions submitted to the
Superior Court are all communications made "in the course of
judicial proceedings." "The litigation privilege is not limited
to statements made in a courtroom during a trial; it extends to
all statements or communications in connection with the judicial
proceeding." Id. at 289. Second, Reed Smith and Ms. Ware are
"participants authorized by law" to make statements in the
course of judicial proceedings that may be protected; the
litigation privilege shields counsel and "an attorney's agents
and employees in what they do at the attorney's request." Id. at
291; see also Petty v. General Acc. Fire & Life Assur. Corp.,
365 F.2d 419, 421 (3d Cir. 1966) ("New Jersey law recognizes
that the immunity which attends judicial proceedings protects
both counsel and other representatives to assist a party in the
course of litigation."). Finally, the letter and motions are all
indisputably communications made to Plaintiff and to the
Superior Court to assist Reed Smith's client, Wells Fargo, in
the state court foreclosure action, satisfying the third and
fourth elements of the litigation privilege.

Plaintiff asserts that these statements should not be
privileged because "when this kind of misconduct occurs, policy
considerations have weighed against extending the privilege."
(Pl. Opp. at 42.) While it is true that the litigation privilege
"does not extend to statements made in situations for which

24

there are no safeguards against abuse," <u>Hawkins</u>, 661 A.2d at
291, the attorneys' statements at issue here are not that kind
of situation. "Judges and lawyers answer to their oaths and are
subject to discipline for misconduct in court." <u>Binkewitz v.</u>
<u>Allstate Ins. Co.</u>, 537 A.2d 723, 727 (N.J. App. Div. 1988).
Attorneys are subject to discipline for knowingly misleading a
court as to claims, defenses, and factual statements made in
papers submitted before a court. N.J. Ct. R. 1:4-8(a); N.J. RPC
3.3 ("Candor Toward the Tribunal"). Similarly, attorneys
admitted to the bar in New Jersey are required under the Rules
of Professional Conduct are required to act with fairness to
their opposing party and counsel. N.J. RPC 3.4. The Superior
Court had the opportunity to consider the matters communicated
in these statements -- Plaintiff's purported rescission of the
mortgage -- and could have sanctioned Wells Fargo's counsel if
it found that its correspondence or motion practice in the state
foreclosure action constituted a violation of the rules of court
or professional responsibility. Accordingly, the Court will
grant Defendants' motion to dismiss the claims against Reed
Smith and Ms. Ware.

### 3. Plaintiff's Motion to Strike

Plaintiff styles his opposition to Defendants' motion to
dismiss as both an opposition to the motion and an independent
motion to strike Defendants' motion and defenses. Plaintiff

seeks to strike Defendants' dismissal motion in its entirety
because Defendants "acquiesced and waived any and all arguments
pertaining to rescission or foreclosure complaint [sic] in state
court by failing to file a separate law suit challenging the
Notice of Rescission within the time allowed by federal law."
(Pl. Br. at 11.) This portion of Plaintiff's submission is not
procedurally proper, by the Federal Rules of Civil Procedure
governing motion practice generally and dismissal practice
specifically, or by the Local Civil Rules governing motion
practice. Insofar as Plaintiff's opposition to Defendants'
motion to dismiss seeks to strike that dismissal motion,
Plaintiff's motion to strike is denied.

**V.   CONCLUSION**

An accompanying Order will be entered.

**June 28, 2016**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge